Lakeith AMIR–SHARIF, Appellant,

v.

Cathy J. HAWKINS, Appellee.

No. 05–06–00446–CV.

Court of Appeals of Texas, Dallas.

Dec. 13, 2007.

Lakeith Amir–Sharif, Dallas, pro se.

Brandi S. Mitchell, Asst. Dist. Atty., Dallas, for Appellee.

Before Justices WHITTINGTON, WRIGHT, and FITZGERALD.

## OPINION

Opinion by Justice WRIGHT.

Lakeith Amir–Sharif appeals from a protective order. In eleven issues, appellant contends generally that the trial court erred in: (1) proceeding with the application for protective order while a criminal court was evaluating his competency to stand trial; (2) denying him his right to confront his accuser; (3) failing to make a record of all the hearings; (4) failing to rule on all of his motions; (5) granting a sixty-day extension of the ex parte temporary protective order; (6) denying him the right to dispute the allegations at the motion for new trial hearing; (7) denying him the right to seek his own protective order; and (8) granting the protective order in the absence of documentation of the allegations. We overrule appellant's issues and affirm the trial court's order.

Appellee filed an application for a protective order against appellant on February 14.2005. A temporary ex parte protective order was issued on the same date. The trial court extended the temporary ex parte protective order numerous times pending the outcome of a competency evaluation of appellant by a criminal court. Once appellant was determined to be competent, the trial court set appellee's application for a hearing. Appellant did not show for the hearing. The trial court issued the protective order. Appellant filed a motion for new trial. The trial court denied appellant's motion for new trial and this appeal timely followed.

 At the outset, we note that the protective order from which appellant appeals expired by its own terms on October 6, 2007. A case becomes moot if a controversy ceases to exist between the parties at any stage of the proceedings. *Williams v. Lara,* 52 S.W.3d 171, 184 (Tex.2001). There are, however, exceptions to the

mootness doctrine. One of those is the collateral consequences exception. *See Marshall v. Housing Auth. of City of San Antonio,* 198 S.W.3d 782, 789 (Tex.2006); *State for the Protection of Cockerham v. Cockerham,* 218 S.W.3d 298, 302 (Tex. App.-Texarkana 2007, no pet.). This exception applies when vacating the underlying judgment will not cure the adverse consequences suffered by the party. *Id.* Application of the collateral consequences doctrine is appropriate where concrete disadvantages imposed by law will persist even after the order is vacated. *Marshall,* 198 S.W.3d at 789. The family code requires that information in a protective order be entered into the state-wide law information system where it presumably remains for various purposes. *See* TEX. FAM.CODE ANN. § 86.0011 (Vernon 2002). We conclude the collateral consequences exception to the mootness doctrine applies in this case. Accordingly, we address the merits of appellant's appeal.

■ We begin by noting that a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex.1978); *Clemens v. Allen,* 47 S.W.3d 26, 28 (Tex.App.-Amarillo 2000, no pet.). The rules of appellate procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP. P. 38.1(h). An issue on appeal unsupported by argument or citation to any legal authority presents nothing for this Court to review. *Birnbaum v. Law Offices of G. David Westfall,* 120 S.W.3d 470, 477 (Tex. App.-Dallas 2003, pet. denied). Similarly, we cannot speculate as to the substance of the specific issues appellant claims we must address. *Strange v. Cont'l Cas. Co.,* 126 S.W.3d 676, 678 (Tex.App.-Dallas 2004,

pet. denied). This Court has no duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred. *Id.*

■ In issues one and two, appellant contends the trial court erred in serving him with the application for protective order and conducting hearings while his competency to stand trial in a criminal case was under evaluation. Appellant does not cite any authority for his contention that it is error to serve a person with an application for a protective order if a criminal court has ordered a competency evaluation for that person. As detailed later in the opinion, the trial court granted numerous extensions of the temporary ex parte protective order while appellant's competency was being evaluated in the criminal court. A hearing on the application for protective order was scheduled *after* the competency proceedings were concluded and appellant was deemed competent. Under these circumstances, we conclude the trial court did not err in rendering the protective order. We overrule appellant's first and second issues.

■ In his third issue, appellant contends that he was deprived of his right to confront his accuser. A trial court may render a protective order against a respondent who does not attend the hearing if the respondent received service of the application and notice of the hearing. TEX. FAM.CODE ANN. § 85.006(a) (Vernon 2002). Appellant received service of the application for protective order and notice of the hearing date set for October 6, 2005. If appellant had attended the hearing, he could have confronted and cross-examined his accuser. Appellant was notified of the date of the hearing at which he would have the opportunity to confront and cross-examine his accuser. Accordingly, we conclude that appellant was not deprived of

his right to confront his accuser. We overrule appellant's third issue.

In issues four and five, appellant contends this Court cannot properly review appellant's issues without the reporter's records from the hearings on March 29, 2005, April 12, 2005, September 6, 2005, and September 22, 2005. By letter dated January 22, 2007, the court reporter informed the Court that the trial court continued the case at the March 29 and April 12 hearings and that no testimony was taken at those hearings. In the affidavit attached to the letter, the court reporter testified that no oral record was made by the trial court or any party at the four hearings. Accordingly, the absence of reporter's records from these four hearings does not impede this Court's review of appellant's issues. We overrule appellant's fourth and fifth issues.

■■■ In his sixth issue, appellant appears to argue that the trial court erred in either failing to conduct its own competency evaluation of appellant or failing to obtain a record of the competency proceedings ordered by the criminal court. A determination of competency to stand trial applies only to defendants charged with a felony or a misdemeanor punishable by confinement. Tex.Code Crim. Proc. Ann. art. 46B.002 (Vernon 2006). An application for a protective order is a civil matter. Accordingly, the trial court had no authority to conduct its own competency evaluation of appellant.

Moreover, the record before this Court shows that the temporary ex parte protective order was extended numerous times because of the competency proceedings pending in the criminal court. The hearing on the application for protective order was set *after* the competency proceedings were concluded and appellant was determined to be competent. The trial court did not err in proceeding with the hearing

on the application for protective order after appellant was determined to be competent. We overrule appellant's sixth issue.

■■■ In his seventh issue, appellant complains of the trial court's failure to rule on his motion to vacate Hawkins's application for protective order. As authority, appellant cites to section 83.004 of the family code. That section requires the trial court to conduct a hearing on a motion to vacate a temporary ex parte order. Tex. Fam.Code Ann. § 83.004 (Vernon 2002). Appellant did not move to vacate the temporary ex parte order. Rather, he moved to vacate the *application* for protective order. Appellant fails to show that he was harmed by the trial court's failure to rule on his motion to vacate the application for protective order. Moreover, we hold that appellant's motion was impliedly denied when the trial court issued the protective order. *See Restaurant Teams Int'l, Inc. v. MG Securities Corp.,* 95 S.W.3d 336, 338 (Tex.App.-Dallas 2002, no pet.). We overrule appellant's seventh issue.

In his eighth issue, appellant contends the trial court erred in granting a sixty-day extension of the ex parte protective order. On the applicant's request or on the court's own motion, a temporary ex parte protective order may be extended for additional twenty-day periods. Tex. Fam.Code Ann. § 83.002(b) (Vernon 2002). Appellant claims his civil rights were violated by the trial court granting an extension longer than the permitted twenty days. We disagree.

■■■ The family code provision for twenty-day extensions for temporary ex parte protective orders is procedural, not jurisdictional. *See In re J.M.C.,* 109 S.W.3d 591, 595 (Tex.App.-Fort Worth 2003, no pet.) (expiration of a temporary possession order does not deprive trial

court of jurisdiction). Thus, the trial court did not lose jurisdiction over Hawkins's application for protective order by ordering a sixty-day extension. Moreover, the trial court granted the extension because appellant's competency was being addressed in a criminal proceeding.

We conclude the trial court did not err in granting the sixty-day extension. We overrule appellant's eighth issue.

■ In his ninth issue, appellant complains that he was denied an opportunity to present evidence at the hearing on his motion for new trial to rebut the allegations made by Hawkins. The reporter's record of the hearing on appellant's motion for new trial does not support his contention. At the hearing, appellant addressed two grounds: (1) that the trial court entered the protective order before determining that he was competent; and (2) he failed to show for the hearing on Hawkins's application for protective order because he was in the hospital. The trial court gave appellant the opportunity to present evidence on these two grounds. Appellant called one witness at the hearing who testified that appellant was in a car accident the morning of the scheduled hearing and was taken to the hospital. Appellant presented evidence on the two grounds raised at the motion for new trial hearing. Accordingly, we overrule appellant's ninth issue.

■ In his tenth issue, appellant contends that the trial court erred in refusing him the right to seek a protective order against Hawkins. Appellant claims the trial court ignored his "motion and verbal requests" for a protective order.

A respondent to an application for a protective order may apply for a protective order by filing a separate application. Tex. Fam.Code Ann. § 82.022 (Vernon 2002). To obtain a protective order against Hawkins, appellant had to file his own application. The record before the Court does not contain an application filed by appellant. In the absence of an application, appellant cannot show that the trial court ignored his right to seek a protective order. We overrule appellant's tenth issue.

■ In his eleventh issue, appellant contends the trial court erred in issuing the protective order in the absence of any proof. Without citing any authority, appellant contends it was error to issue the protective order without evidence such as police records, photographs, medical records, and testimony corroborating Hawkins's allegations. Our review of the record shows that Hawkins testified at the hearing. Hawkins's affidavit detailing the allegations of violence by appellant was introduced into evidence at the hearing. Evidence was presented at the hearing to support the issuance of the protective order. Accordingly, we conclude the trial court did not err in issuing the protective order. We overrule appellant's eleventh issue.

We affirm the trial court's protective order.