

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-074-CV

FRANK RENTERIA                                                    APPELLANT

V.

RANDALL SCOTT MYERS,                                             APPELLEES
D/B/A THE MYERS LAW FIRM
AND RANDALL SCOTT MYERS,
INDIVIDUALLY

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In one issue, Appellant Frank Renteria, *pro se*, asserts that the trial court

abused its discretion by granting summary judgment to his former attorney,

---

[1] *See* TEX. R. APP. P. 47.4.

Appellees Randall Scott Myers, d/b/a The Myers Law Firm and Randall Scott Myers, Individually. We affirm.

## II. Factual and Procedural Background

On June 24, 1998, Renteria retained Myers to represent him in a federal criminal case,[2] for which Myers charged a $25,000.00 fee, paid the following day.

According to Renteria, sixty-nine days elapsed between their first meeting and Myers's next contact with him. Also, according to Renteria, "[n]ot at any time did [Myers] hint, indicate, present, discuss, suggest, recommend or give [Renteria] any plea agreement, nor inform [Renteria] of the consequences of more time if the case was taken to trial," and there was no detailed discussion about constructing an affirmative defense. Myers requested that Renteria meet him at a motel, and they spent about forty-five minutes together on the night of September 7, 1998. Renteria's trial began the next morning.

On September 8, 1998, a jury convicted Renteria of the felony charges brought against him. He was released on a $10,000.00 cash bond pending a pre-sentencing report. While on release, Renteria fled and was re-arrested some four years later, on March 14, 2002; he was incarcerated, and sent to Waco

---

[2] Renteria's case involved charges that Renteria conspired to possess, with intent to distribute, methamphetamine and marijuana.

for sentencing. Renteria contacted Myers through Renteria's cousin and demanded that Myers continue to represent him. On March 16, 2002, Myers refused to do so unless Renteria paid an additional fee of $10,000.00.

On March 28, 2002, Renteria informed the court of Myers's position, and the court informed Renteria he would have to get another attorney to represent him at the sentencing hearing. The next day, Renteria retained attorney Jay S. Norton and paid him $12,500.00 to represent him. On May 8, 2002, Renteria was sentenced to 188 months in a federal correctional institution, a sentence that he is still serving.

On January 4, 2004, Renteria filed a demand letter, requesting that Myers return $12,500.00 to offset the funds that he had to pay Norton. Renteria thereafter filed suit on May 4, 2004, *pro se*, against Myers in the 153rd District Court of Tarrant County, alleging legal "Malpractice, Breach of Contract, Ethics and Professional Conduct." He specifically alleged, *inter alia*, that Myers breached their contract and requested an addition $10,000 "for service that had already been paid for." The case lay dormant for approximately two and one-half years, after which Myers filed a "traditional" and "no-evidence" motion for summary judgment. Renteria responded to the motion with an unsworn "Plaintiffs [sic] Answer to Defendants [sic] Motion for Summary Judgment," which re-stated the allegations of his unsworn trial pleading and appended two

"affidavits," a letter from the deputy clerk of the Western District of the United States District court, and a portion of a trial transcript. The court granted Myers's motion on February 6, 2007. This appeal followed.

### III. Summary Judgment

#### A. Traditional

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *see* TEX. R. CIV. P. 166a(b), (c). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *see* TEX. R. CIV. P. 166a(b), (c). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex. 1996). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *IHS Cedars*, 143 S.W.3d at 798.

**B. No evidence**

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. TEX. R. CIV. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.; Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 207 (Tex. 2002). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i) & cmt.; *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002).

When reviewing a no evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex. 2006). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no evidence summary judgment is not proper. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).

When, as here, a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and

5

preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). When the trial court's judgment rests upon more than one independent ground or defense, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made. *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied).

## IV. Review

### A. Pro Se Litigants

A *pro se* litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Colon*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Williams v. Capitol County Mut. Fire Ins. Co.*, 594 S.W.2d 558, 559 (Tex. Civ. App.—Fort Worth 1980, no writ). The rules of appellate procedure require that an appellant's brief contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(h); *Amir-Sharif v. Hawkins*, 246 S.W.3d 267, 270 (Tex. App.—Dallas 2007, pet. dism'd w.o.j.). An issue on appeal unsupported by argument or citation to any legal authority presents nothing for this court to review. *Birnbaum v. Law*

6

*Offices of G. David Westfall*, 120 S.W.3d 470, 477 (Tex. App.—Dallas 2003, pet. denied), *cert. denied*, 543 U.S. 1051 (2005).

Similarly, we cannot speculate as to the substance of the specific issues Renteria claims that we must address. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied), *cert. denied*, 543 U.S. 1076 (2005). This court has no duty to perform an independent review of the record and applicable law to determine whether the complained-of error occurred. *Id*.; *Amir-Sharif*, 246 S.W.3d at 270. We can give no preference to those not represented by counsel because, were we to do so, we would be abandoning our role as impartial interpreters of the law and assuming the role as advocates for *pro se* litigants. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

**B. Analysis**

That said, an examination of Renteria's brief reveals that it is devoid of record references, and the "issues" are phrased as:

WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION BY GRANTING A SUMMARY JUDGMENT IN THIS CASE? THERE ARE THREE CATEGORIES OF THIS ISSUE LISTED BELOW:

A. Failure to provide a list of expert witnesses

B. Failure to prove cause of action arising out of the disciplinary action

7

## C. Determination of appellant was time barred

The "argument" section of the brief, slightly over one page in length, does not mention disciplinary actions nor limitations, two of the grounds presented in Myers's summary judgment motion. Regarding expert witnesses, the brief reads only as follows: "During the discovery process the appellee shall in a request for disclosure the [d]esignation of testifying experts. [TEX. R. CIV. P.] 195.1, 197.1. Such request was not made, therefore appellee failed to follow procedures." Under the standards for appellate briefing as previously articulated and viewed through a neutral prism as required, this can hardly be said to meet muster. *See* TEX. R. APP. P. 38.1(h).

Even so, were we to examine the trial court's granting of summary judgment, it would be upheld on any or all of the grounds presented in Myers's motion. First, no legal malpractice claim may be based solely on violations of the State Bar Rules of Professional Conduct. *See Adams v. Reagan*, 791 S.W.2d 284, 291 (Tex. App.—Fort Worth 1990, no writ). Second, a legal malpractice claim is a tort governed by the two-year statute of limitations, which began to run, at the latest, on March 16, 2002.[3] *See* TEX. CIV. PRAC. &

---

[3] Renteria alleged in his petition that March 16, 2002 was when Myers "broke Attorney-Client-Relationship and Breach of Contract by requesting an additional ($10,000.00) Ten Thousand Dollars for service that had already been paid for." However, Renteria claims in his appellate brief that the alleged

REM. CODE ANN. § 16.003 (Vernon 2008); *Tate v. Goins, Underkofler, Crawford & Langdon*, 24 S.W.3d 627, 635 (Tex. App.—Dallas 2000, pet. denied); *see also Pham v. Nguyen*, 763 S.W.2d 467, 469 (Tex. App.—Houston [14th Dist.] 1988, writ denied) (stating discovery rule for legal malpractice claims). Therefore, limitations expired some six weeks prior to Renteria's filing suit on May 4, 2004, if not earlier.

Third, generally, legal malpractice claims require presentation of expert testimony, and Renteria has presented none. *See Alexander v. Turtur & Assoc., Inc.*, 146 S.W.3d 113, 119–20 (Tex. 2004). Fourth, Renteria has not shown that any act or omission of Myers's, rather than Renteria's own guilt, was the proximate cause of any complained-of injury. *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497–98 (Tex. 1995) ("[P]laintiffs who have been convicted of a criminal offense may negate the sole proximate cause bar to their claim for legal malpractice in connection with that conviction only if they have been exonerated on direct appeal, through post-conviction relief, or otherwise."). And fifth, were we to construe a failure of representation or a

---

malpractice occurred when Myers "was negligent during the appellant['s] trial on a federal case" because he failed to consider the use of expert witnesses to develop an affirmative defense for the charged offenses. He asserts that this constituted "ineffective assistance of counsel." That trial occurred, as discussed above, on September 8, 1998.

failure to return a fee as a breach of contract, an examination of the "evidence" presented by Renteria fails to establish a contract, let alone the "meeting of the minds" as to its terms.[4]  We overrule Renteria's sole issue.

## V.  Conclusion

Having overruled Renteria's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL F:   MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED: May 15, 2008

---

[4] "The essential elements of a breach of contract action are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Lake v. Premier Transp.*, 246 S.W.3d 167, 173 (Tex. App.—Tyler 2007, no pet.).  Renteria's sole evidence presented in his "affidavit" was as follows: "No written contract was gived to me, however conversation lead me to expect to be represented up to and including my sentencing."

10