In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-12-00471-CV**

**JAMES DONALD EBARB, Appellant**

**V.**

**MORIAN KAHLA, ATTORNEYS AT LAW, Appellee**

**On Appeal from the 1st District Court
Jasper County, Texas
Trial Cause No. 32486**

## MEMORANDUM OPINION

This is an appeal from a default judgment entered in a suit for breach of a contract to pay for legal services. We affirm the trial court's judgment.

Appellee Morian Kahla, Attorneys at Law, L.L.P. ("Morian") filed suit against appellant James Donald Ebarb, in which Morian contended it represented Ebarb in a criminal case in Newton County, and that Ebarb failed to pay the outstanding balance of attorney's fees due in the amount of $4000 under the terms of the parties' contract. Morian also pleaded that it had demanded payment, but

Ebarb had refused to pay the balance due. Morian requested general damages in the amount of $4000, pre-judgment and post-judgment interest, attorney's fees, and costs of suit. Attached to Morian's petition was a citation and return that showed Ebarb had been personally served with the lawsuit. Morian also filed a certificate of Ebarb's last known mailing address. In addition, the appellate record contains a letter from Morian to Ebarb, in which Morian asked Ebarb "to let us know if you will come in and sign the Assignment we have prepared stating that you intend to pay the attorney's fee that you owe us out of your portion of your mother's estate."

When Ebarb failed to file an answer or otherwise appear in the case, the trial court conducted a hearing, at which William Morian stated on the record that the remaining principal amount due for attorney's fees was $3900, which gave Ebarb "the credits and offsets that he should have for payments that he made[.]" After the hearing, the trial judge signed a default judgment in favor of Morian for $3900 as the principal amount due, attorney's fees of $500 if Ebarb did not appeal, court costs of $369.95, and interest in the amount of 5% per year. Morian also requested and obtained an abstract of judgment. Ebarb filed a "motion for appeal," in which he pointed out that he had made two payments of $50 each, which reduced the principal amount owed from $4000 to $3900, and indicated that he would continue to pay $50 per month.

In his *pro se* brief, Ebarb neither sets forth any appellate issues nor cites to any authorities or the appellate record. *See* Tex. R. App. P. 38.1(f), (i) (Briefs must state the issues presented for review and contain appropriate citations to authorities and to the record.); *Amir-Sharif v. Hawkins*, 246 S.W.3d 267, 270 (Tex. App.—Dallas 2007, pet. dism'd) (A *pro se* litigant must comply with applicable laws and rules of procedure, and a court "cannot speculate as to the substance of" appellant's issues when they are inadequately briefed.). We therefore affirm the trial court's default judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 10, 2013
Opinion Delivered June 27, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.

3