**Affirmed and Opinion Filed July 7, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00141-CV

## IN THE INTEREST OF L.A.F.

**On Appeal from the 196th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 773788**

# MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Lang

Amber Etta Bumpus f/k/a Amber Etta Runnells, pro se, appeals the trial court's February 19, 2009 final order in the suit affecting the parent-child relationship, December 15, 2011 final order on motion to modify in the suit affecting the parent-child relationship, and December 15, 2011 protective order. In three issues, she argues: (1) the trial court erred when it signed the February 19, 2009 final order in the suit affecting the parent-child relationship because she was not properly served with Brent Wade Fitzgerald's original petition, resulting in a denial of due process; (2) the evidence was legally and factually insufficient to support the finding that a change in custody was in the best interests of the child as set forth in the December 15, 2011 final order on motion to modify in the suit affecting the parent-child relationship; and (3) the evidence is legally and factually insufficient to support the trial court's finding of family

violence as set forth in its December 15, 2011 protective order. Fitzgerald did not file a brief in this appeal.

We conclude the that we do not have jurisdiction to review Bumpus's first issue, arguing the trial court erred when it signed the February 19, 2009 final order in the suit affecting the parent-child relationship. Also, we conclude the evidence is legally and factually sufficient to support the trial court's December 15, 2011 final order on the motion to modify in the suit affecting the parent-child relationship and December 15, 2011 protective order. The trial court's December 15, 2011 final order on the motion to modify in the suit affecting the parent-child relationship and December 15, 2011 protective order are affirmed. The law is well-settled in this matter, therefore we issue this memorandum opinion. *See* TEX. R. CIV. P. 47.1.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 19, 2009, the trial court signed a final order in the suit affecting the parent-child relationship and adjudication of parentage. In that order, the trial court appointed Bumpus and Fitzgerald joint managing conservators of L.A.F. and ordered expanded standard possession.

On September 15, 2010, Fitzgerald filed his original petition to modify the parent-child relationship, seeking to be appointed sole managing conservator with exclusive right to establish the domicile of L.A.F. Bumpus answered, generally denying the allegations, and filed a counter-petition. In Bumpus's first amended counter-petition, she also sought to be appointed sole managing conservator of L.A.F. with the exclusive right to designate the primary residence of L.A.F. On November 2, 2010, Fitzgerald filed an application for a protective order, attaching a copy of a magistrate's emergency protective order and complaint of probable cause alleging the criminal offense of assault involving family violence against Bumpus.

After a combined trial on the original petition to modify the parent-child relationship and hearing on the application for a protective order, the trial court appointed Fitzgerald sole

managing conservator and Bumpus possessory conservator. The trial court permanently enjoined, in part, Bumpus from permitting L.A.F. access to George Bumpus, Bumpus's husband, and three other named individuals, permitting George Bumpus to be within 500 feet of L.A.F., or permitting George Bumpus to be present in the residence or any other location where L.A.F. is located. Also, the trial court found that the presumption in favor of a standard possession order had been rebutted and ordered that Bumpus had the right to possession on alternating weekends, subject to the permanent injunction. In addition, the trial court granted the application for a protective order, finding Bumpus committed family violence and family violence was likely to occur in the future.

## II. LACK OF NOTICE

In issue one, Bumpus argues the trial court erred when it signed the February 19, 2009 final order in the suit affecting the parent-child relationship because she was not properly served with Fitzgerald's original petition, resulting in a denial of due process. Specifically, she argues, "[t]his judgment should not have been issued back in 2009 and the judge erred by not making note that no waiver of citation had been filed and in [Fitzgerald's] [January 28, 2009] Original Petition [in Suit Affecting the Parent-Child Relationship and to Adjudicate Parentage] in the section for person entitled to citation it states that, 'The mother of the child the subject of this suit is Amber Etta Runnells. No service is necessary at this time.'"

### A. Applicable Law

Section 156.004 of the Texas Family Code provides that, in a suit to modify an order affecting the parent-child relationship, "[t]he Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply." TEX. FAM. CODE ANN. § 156.004 (West 2014); *In re Honea*, 415 S.W.3d 888, 890 (Tex. App.—Eastland 2013, no pet.). As a result, an original petition to modify an order affecting the parent-child relationship is a new cause of action. *In re L.N.E.*,

–3–

No. 05-07-01712-CV, 2009 WL 280472, *2 (Tex. App.—Dallas Feb. 6, 2009, no pet.) (mem. op.); *In re Honea*, 415 S.W.3d at 890–91; *Bilyeu v. Bilyeu*, 86 S.W.3d 278, 280 (Tex. App.—Austin 2002, no pet.).

Appellate jurisdiction is invoked upon the timely filing of a notice of appeal from a final judgment. *Lehman v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Lopez v. Lopez*, No. 05-13-00716-CV, 2014 WL 4065609, *1 (Tex. App.—Dallas Aug. 18, 2014, no pet.) (mem. op.); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Generally, the deadline to file a notice of appeal runs from the date of judgment. *See* TEX. R. APP. P. 26.1, 4.2 (providing that if notice of judgment is not received within twenty days after judgment is signed, deadline runs from date notice is received, but no later than ninety days from signing of judgment); *Lopez*, 2014 WL 4065609, at *1. Rule 26.1 provides four time frames for filing a notice of appeal. *See* TEX. R. APP. P. 26.1; *Lopez*, 2014 WL 4065609, at *1. These time frames are based on the type of judgment or order being appealed and range from twenty days in an accelerated appeal to six months in a restricted appeal. *See* TEX. R. APP. P. 26.1; *Lopez*, 2014 WL 4065609, at *1. Additionally, rule 26.3 provides for one fifteen-day extension of time. *See* TEX. R. APP. P. 26.3; *Lopez*, 2014 WL 4065609, at *1.

### B. Application of the Law to the Facts

The record shows that on January 28, 2009, Fitzgerald filed his original petition in the suit affecting the parent-child relationship and the trial court entered a final judgment in that suit on February 19, 2009. Bumpus did not file a notice of appeal from the trial court's February 19, 2009 final order in the suit affecting the parent-child relationship. Then, on September 15, 2010, Fitzgerald filed his original petition to modify the parent child relationship. The trial court signed its final order on Fitzgerald's suit to modify the parent-child relationship on December 15, 2011. On January 10, 2011, Bumpus filed a motion for new trial and on January 31, 2012,

Bumpus filed her notice of appeal of the "judgment signed by the [trial court] on the 15th of December 2011."

Based on the time frames listed in rule 26, Bumpus's January 21, 2012 notice of appeal, which does not expressly appeal the February 19, 2009 final order in the suit affecting the parent-child relationship and was filed almost three years after the complained-of final order, is untimely and fails to invoke our jurisdiction to review the February 19, 2009 final order. *See Lopez*, 2014 WL 4065609, at *1; *Garza*, 227 S.W.3d at 233–34. Accordingly, we do not have jurisdiction to review Bumpus's first issue on appeal, which complains of the trial court's February 19, 2009 final order in the suit affecting the parent-child relationship.

### III. SUFFICIENCY OF EVIDENCE TO SUPPORT CHANGE IN CUSTODY

In issue two, Bumpus argues the evidence was legally and factually insufficient to support the finding that a change in custody was in the best interests of L.A.F. in the December 15, 2011 final order on motion to modify in the suit affecting the parent-child relationship.

#### A. Standard of Review

An appellate court reviews a trial court's order regarding child custody, control, possession, and visitation for an abuse of discretion. *In re L.C.L.*, 396 S.W.3d 712, 716 (Tex. App.—Dallas 2013, no pet.); *In re H.N.T.*, 367 S.W.3d 901, 903 (Tex. App.—Dallas 2012, no pet.); *Jacobs v. Dobrei*, 991 S.W.2d 462, 463 (Tex. App.—Dallas 1999, no pet.). A trial court abuses its discretion when it acts arbitrarily and unreasonably without reference to guiding principles. *In re L.C.L.*, 396 S.W.3d at 716; *In re H.N.T.*, 367 S.W.3d at 903; *In re W.C.B.*, 337 S.W.3d 510, 513 (Tex. App.—Dallas 2011, no pet.). In family law cases, the abuse of discretion standard of review overlaps with traditional standards of review. *In re L.C.L.*, 396 S.W.3d at 716; *In re H.N.T.*, 367 S.W.3d at 903; *In re W.C.B.*, 337 S.W.3d at 513. As a result, legal and factual insufficiency are not independent grounds of reversible error, but instead are factors

relevant to an appellate court's assessment of whether the trial court abused its discretion. *In re L.C.L.*, 396 S.W.3d at 716; *In re H.N.T.*, 367 S.W.3d at 903; *In re W.C.B.*, 337 S.W.3d at 513. To determine whether the trial court abused its discretion, an appellate court considers whether the trial court had sufficient evidence on which to exercise its discretion and erred in its exercise of that discretion. *In re L.C.L.*, 396 S.W.3d at 716; *In re H.N.T.*, 367 S.W.3d at 903; *In re W.C.B.*, 337 S.W.3d at 513. As long as some evidence of a substantive and probative character exists to support the trial court's judgment, an appellate court will not substitute its judgment for that of the trial court. *In re L.C.L.*, 396 S.W.3d at 716; *In re H.N.T.*, 367 S.W.3d at 903.

### B. *Application of the Law to the Facts*

First, Bumpus argues the evidence was legally and factually insufficient to support the trial court's December 15, 2011 final order on Fitzgerald's motion to modify in the suit affecting the parent-child relationship because:

> [The] [e]vidence was legally and factually insufficient to support: (1) termination under Family Code section 161.001(1)(D) (that [Bumpus] knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical; or emotional well-being of the child); (2) termination under Family Code section 161.001(E) (that [Bumpus] engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children); and (3) a finding that termination is in the best interest of the children.

However, the record shows the trial court did not terminate the parent-child relationship. Rather, the trial court appointed Fitzgerald the sole managing conservator and Bumpus the possessory conservator. The trial court found the presumption in favor of the standard possession order had been rebutted and ordered that Bumpus have:

> [P]ossession of [L.A.F.] at any and all times mutually agreed to in advance by the parties, and, failing mutual agreement, IT IS ORDERED that [Bumpus] shall have possession of [L.A.F.] under the terms set out in this Possession Order.
>
> (c)     [Bumpus] shall have the right to possession of the [L.A.F.] as follows:

1. **Weekends.** On alternating weekends with the first such weekend beginning December 16, 2011 and every other weekend thereafter, beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday.

Second, Bumpus argues the evidence was legally and factually insufficient to support the trial court's December 15, 2011 final order on the motion to modify in the suit affecting the parent-child relationship because of the:

lack[] [of] sufficien[t] evidence on grounds for modification in accordance with Texas Family Code 156.101. This change in custody was NOT in the best interest of the child. In accordance with Texas Family Code 153.072; written findings are required by the [trial] court in order to limit or restrict the rights and duties of a parent. The [December 15,] 2011 Final Order states that this change in custody is based on the findings that[:]

[Bumpus] has intentionally used abusive physical force against [Fitzgerald] during the pendency of this suit as further evidenced by the protective order of even [sic] date granted in this cause.

In accordance with Texas Family Code 156.1045(a) in order to issue a change in custody on the findings of family violence there has to be either a conviction or deferred adjudication. [Bumpus] was not found guilty of family violence and contrary to [Fitzgerald's] claims; [sic] [Bumpus] never allowed L.A.F. to remain in conditions or surroundings which endangered her physical or emotional well-being. . . . [A]nd there is no finding that [a] change in custody was in L.A.F.'s best interest.

However, the record shows the trial court did not issue a change in custody pursuant to section 156.1045 of the Texas Family Code. In support of her argument, Bumpus combines two separate, but consecutive, paragraphs in the December 15, 2011 final order that address the reason the modification was granted and the history of domestic violence. The trial court's order states:

*Modification Granted*

The [trial court] finds that the modification requested by [Fitzgerald] should be granted as set forth herein below. The [trial court] finds that there has been a material and substantial change in circumstances of [L.A.F.], a conservator or other party affected by the previous order since the date of rendition of the prior final order in this cause and that the modifications requested and set forth herein below are in the best interest of [L.A.F.]

–7–

*History of Domestic Violence*

The [trial court] finds that [Bumpus] has intentionally used abusive physical force against [Fitzgerald] during the pendency of this suit as further evidenced by the protective order of even date granted in this cause.

Further, during the trial, the trial court took judicial notice of the home study conducted by licensed professional counselor, D. Denise Kweller. In that home study, Kweller concluded, in part:

> I do think [Bumpus] shows poor judgment in several important areas of her life. I am concerned that [Bumpus's] poor choices in life will have a negative impact on [L.A.F.] with regard to her safety, emotional/mental well-being, and [L.A.F.'s] own ability to make good decision in life. . . . Therefore, I believe it is in the best interest of [L.A.F.] if her father, [Fitzgerald,] is appointed Primary Conservator with the right to establish [L.A.F.'s] domicile. Furthermore, I think it is in the best interest of [L.A.F.] if she continues to enjoy visits with [Bumpus] under the following conditions: no person(s) may visit or reside in [Bumpus's] home during the time of [L.A.F.'s] visits.

In addition, Kweller testified during the trial that, her home study report was filed before Bumpus married George Bumpus. Kweller stated that she had additional concerns because three other women had sought orders of protection against George Bumpus. Kweller also expressed concern that, in their depositions, which were admitted into evidence, those three women described George Bumpus's behavior to include abuse, stalking, various other violent acts, out of control drinking, and illegal drug use. Based on these new, subsequent events, Kweller amended her conclusion to recommend that Bumpus's visitation with L.A.F. be supervised.

We conclude the trial court did not err when it found that a change in custody was in the best interests of L.A.F. in its December 15, 2011 final order on Fitzgerald's motion to modify in the suit affecting the parent-child relationship. Issue two is decided against Bumpus.

–8–

## IV. SUFFICIENCY OF EVIDENCE TO SUPPORT PROTECTIVE ORDER

In issue three, Bumpus argues the evidence is legally and factually insufficient to support the trial court's finding of family violence in its December 15, 2011 protective order.[1] Bumpus argues that the family violence accusation is false and she was acquitted of the charges.

### A. Standard of Review

A legal sufficiency challenge to a family violence protective order may be sustained only when: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *In re Frasure*, No. 05-13-01667-CV, 2015 WL 459223, at *4 (Tex. App.—Dallas Feb. 4, 2015, no pet.) (mem. op.); *Vives v. Gersten*, No. 05–13–01463–CV, 2014 WL 7498016, at *2 (Tex. App.—Dallas Dec. 29, 2014, no pet.) (mem. op.); *In re F.K.M.*, No. 05–11–00276–CV, 2012 WL 939271, at *3 (Tex. App.—Dallas Mar. 19, 2012, no pet.) (mem. op.) (quoting *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998)). In determining whether the evidence is legally sufficient to support a finding, an appellate court considers the evidence in the light most favorable to the judgment and indulges every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005); *In re Frasure*, 2015 WL 459223, at *4. An appellate court must credit favorable evidence if a reasonable factfinder could and disregard contrary

---

[1] We note that the protective order from which Bumpus appeals expired by its own terms on December 1, 2013. A case becomes moot if a controversy ceases to exist between the parties at any stage of the proceedings. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001); *Amir-Sharif v. Hawkins*, 246 S.W.3d 267, 269 (Tex. App.—Dallas 2007, pet. dism'd w.o.j.). However, there are exceptions to the mootness doctrine. *Amir-Sharif*, 246 S.W.3d at 269–70. One of those is the collateral consequences exception. *See Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006); *Amir-Sharif*, 246 S.W.3d at 270. This exception applies when vacating the underlying judgment will not cure the adverse consequences suffered by the party. *Amir-Sharif*, 246 S.W.3d at 270. Application of the collateral consequences doctrine is appropriate where concrete disadvantages imposed by law will persist even after the order is vacated. *Marshall*, 198 S.W.3d at 789; *Amir-Sharif*, 246 S.W.3d at 270. The Texas Family Code requires that information in a protective order be entered into the state-wide law information system where it presumably remains for various purposes. TEX. FAM. CODE ANN. § 86.0011 (West 2014); *Amir-Sharif*, 246 S.W.3d at 270. We conclude the collateral consequences exception to the mootness doctrine applies in this case. *See Amir-Sharif*, 246 S.W.3d at 270.

evidence unless a reasonable factfinder could not. *City of Keller*, 168 S.W.3d 807, 827; *In re Frasure*, 2015 WL 459223, at \*4; *In re A.M.*, 418 S.W.3d 830, 838–39 (Tex. App.—Dallas 2013, no pet.). "The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller*, 168 S.W.3d at 827; *In re Frasure*, 2015 WL 459223, at \*4.

In reviewing a factual sufficiency challenge, an appellate court weighs all the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam); *In re Frasure*, 2015 WL 459223, at \*5; *Vives*, 2014 WL 7498016, at \*3. An appellate court will overturn a finding only if it is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Ortiz*, 917 S.W.2d at 772; *In re Frasure*, 2015 WL 459223, at \*5; *In re A.M.*, 418 S.W.3d at 839. An appellate court defers to a trial court's factual findings if they are supported by the evidence. *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008); *In re Frasure*, 2015 WL 459223, at \*5.

The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *City of Keller*, 168 S.W.3d at 819 (legal sufficiency review); *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003) (factual sufficiency review); *In re Frasure*, 2015 WL 459223, at \*5. An appellate court will not substitute its judgment for that of the trial court merely because it might reach a different conclusion. *City of Keller*, 168 S.W.3d at 819, 822; *Golden Eagle Archery*, 116 S.W.3d at 761; *In re Frasure*, 2015 WL 459223, at \*5.

### B.  Applicable Law

The trial court shall render a protective order if, after a hearing, it finds that family violence has occurred and is likely to occur in the future. TEX. FAM. CODE ANN. §§ 81.001, 85.001(a), (b)(1) (West 2014). Family violence is:

an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself.

TEX. FAM. CODE ANN. § 71.004(1) (West 2014); *see also* TEX. FAM. CODE ANN. § 101.0125 (West 2014) (applying definition in section 71.004 to suits affecting parent-child relationship); *In re L.C.L.*, 396 S.W.3d at 717. A single act of violence or abuse can constitute a "history" of physical abuse for purposes of section 153.004 of the Texas Family Code. *In re L.C.L.*, 396 S.W.3d at 717; *Alexander v. Rogers*, 247 S.W.3d 757, 762–63 (Tex. App.—Dallas 2008, no pet.); *see also* TEX. FAM. CODE ANN. § 153.004 (West 2014) (court may not appoint joint managing conservators if evidence of history of physical abuse).

### C. Application of the Law to the Facts

In its December 15, 2011 protective order, the trial court found that "[Bumpus] was a former member of the household with [Fitzgerald]" and "[Bumpus] has committed family violence, as defined by the Texas Family Code, against [Fitzgerald] and that family violence is likely to occur in the future."

First, we address Bumpus's argument that the evidence is legally and factually insufficient to support the trial court's finding of family violence because she was acquitted of the criminal offense of assault involving family violence. *See* TEX. PENAL CODE ANN. § 22.01 (West Supp. 2014). In support of her argument, she attached a copy of an order of acquittal. Bumpus does not point us to, nor could we find, that the order of acquittal was admitted into evidence.[2] However, Fitzgerald did testify that Bumpus received a verdict of "not guilty" in the

---

[2] This Court decides issues based on the record on appeal. *In re L.C.L.*, 396 S.W.3d at 7175–16. We cannot consider documents cited in the brief on appeal and attached as appendices if they are not formally part of the record. *See Presley v. McConnell-Presley*, No. 05-08-01019-CV, 2009 WL 1579185, at *4 (Tex. App.—Dallas Jul. 13, 2009, no pet.) (mem. op.); *Stewart v. C.L. Trammell Prop., Inc.*, No. 05–04–01027–CV, 2005 WL 2234637, at *2 (Tex. App.—Dallas Sept. 15, 2005, no pet.) (supp. mem. op. on motion for reh'g); *Burke v. Ins. Auto. Auctions*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied). Accordingly, we cannot consider the order of acquittal or any other documents appended to Bumpus's brief on appeal that are not properly included in the appellate record or before this Court.

criminal case against her. Nevertheless, an acquittal is not equivalent to or a determination of actual innocence. *French v. French*, 385 S.W.3d 61, 71 n.3 (Tex. App.—Waco 2012, pet. denied).

Second, we address Bumpus's argument that the family violence accusation was false. During the combined trial and hearing on Fitzgerald's motion for protective order, Fitzgerald testified Bumpus hit him in the park and his sworn affidavit describing those events was admitted into evidence. The trial court was free to reject or accept all or part of a witness's testimony. *See City of Keller*, 168 S.W.3d at 819; *Golden Eagle Archery*, 116 S.W.3d at 761; *In re Frasure*, 2015 WL 459223, at *6. Although there was contradictory testimony at trial, the trial court evidently believed Fitzgerald's testimony regarding the family violence that he endured from Bumpus. See *In re Frasure*, 2015 WL 459223, at *6.

Viewing the evidence in the light most favorable to the trial court's finding, we conclude there is more than a scintilla of evidence that family violence occurred. Further, viewing the evidence in a neutral light, the evidence supporting the trial court's finding is not so weak or so contrary to the overwhelming weight of all the evidence as to be clearly wrong or unjust. Accordingly, we conclude the evidence is legally and factually sufficient to support the trial court's finding of family violence.

Issue three is decided against Bumpus.

## V. CONCLUSION

This Court does not have jurisdiction to review Bumpus's first issue, arguing the trial court erred when it signed the February 19, 2009 final order in the suit affecting the parent-child relationship. Also, the evidence is legally and factually sufficient to support the trial court's December 15, 2011 final order on motion to modify in the suit affecting the parent-child relationship and December 15, 2011 protective order.

–12–

The trial court's December 15, 2011 final order on the motion to modify in the suit affecting the parent-child relationship and December 15, 2011 protective order are affirmed.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE


120141F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF L.A.F.

No. 05-12-00141-CV

On Appeal from the 196th District Court, Hunt County, Texas
Trial Court Cause No. 773788.
Opinion delivered by Justice Lang. Justices Brown and Whitehill participating.

In accordance with this Court's opinion of this date, the trial court's December 15, 2011 final order on the motion to modify in the suit affecting the parent-child relationship and December 15, 2011 protective order are **AFFIRMED**.

It is **ORDERED** that appellee Brent Wade Fitzgerald recover his costs of this appeal from appellant Amber Etta Bumpus f/k/a Amber Etta Runnells.

Judgment entered this 7th day of July, 2015.