# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-16-00216-CV

**Joseph E. McClain, III, Appellant**

**v.**

**Judge Darlene Byrne, Judge Orlinda Naranjo, and Judge Amy Meachum, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-16-000552, HONORABLE MARGARET G. MIRABAL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Joseph E. McClain, III, sued Travis County Judges Darlene Byrne, Orlinda Naranjo, and Amy Meachum, complaining of certain actions the judges had allegedly taken, including declaring McClain a vexatious litigant.[1] The trial court signed a final judgment dismissing McClain's claims with prejudice based on judicial immunity. McClain now appeals.[2]

---

[1] The Amarillo Court of Appeals has affirmed a separate order declaring McClain to be a vexatious litigant. *See McClain v. Dell Inc.*, No. 07-15-00141-CV, 2015 WL 5674885 (Tex. App.—Amarillo Sept. 24, 2015, pet. denied) (mem. op.) (per curiam).

[2] McClain represented himself in the trial court and on appeal. We note that, while we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *See Mansfied State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To do otherwise would give pro se litigants an unfair advantage over litigants represented by counsel. *See id.* at 185.

McClain's appellate brief is largely incomprehensible.[3] It does not include citations to the record, and, although it includes citations to authorities, McClain does not explain the relevance of these citations. Moreover, McClain's brief does not describe the judgment being appealed or address why the trial court erred in rendering this judgment. Therefore, we conclude that any issues McClain may have are inadequately briefed and present nothing for our review. *See* Tex. R. App. P. 38.1(i); *Amir-Sharif v. Hawkins*, 246 S.W.3d 267, 270 (Tex. App.—Dallas 2007, pet. dism'd w.o.j.) ("An issue on appeal unsupported by argument or citation to any legal authority presents nothing for this Court to review."). We will not comb through the record looking for errors McClain has not identified and explained. *See Amir-Sharif*, 246 S.W.3d at 270 ("This Court has no duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred."). To do so would be placing ourselves in the role of McClain's advocate. *See Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) ("An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party.") (citation omitted).

---

[3] For example, the following is McClain's first issue presented, quoted verbatim: "Whether the defenses violation of U.S. Code › Title 29 › Chapter 6 › § 104 Enumeration of specific acts not subject to restraining orders or injunctions (e), pursuant to the use of T.R.C.P.C. Sec. 13.001. DISMISSAL OF ACTION. (a) Is inherent as it lays grounds to invoke the Texas Bill of Rights art. 1sec.29. it's pursuant to T.R.C.P.C. chap. 33 Proportionate responsibility, the defendants Negligence and fraudulent actions are being defended by the State which is by the intended violation of D.T.P.A. statue 17.sec.17.46 (a) (b) (3) causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another. (103 words)"

Because McClain has not adequately briefed any issue on appeal, we affirm the trial court's judgment.[4]

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:  August 24, 2016

---

[4] We also deny McClain's pending motion for sanctions.