# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00340-CV

**Charles D. Collier, Appellant**

**v.**

**Randy Moe, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 13-0192-C26, HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a bench trial, the trial court signed a judgment ordering Charles D. Collier to pay $74,197.33 to Randy Moe, with whom Collier had been a co-signatory on a guaranty of payment. Collier now appeals from this judgment, contending in three issues that the trial court erred in denying his motion for summary judgment, in rendering judgment in Moe's favor following trial, and in awarding Moe attorney's fees. We will affirm the trial court's final judgment.

### BACKGROUND

The following facts are not disputed on appeal. On December 8, 2004, a secured note was executed. The maker was Reliable Utility Supply, Inc., the payees were Carroll Collier and Mildred Collier, and the amount was $157,080.36. On the same day, three co-guarantors, Charles Collier, Steve Adams, and Randy Moe, executed a "Guaranty of Payment." After Reliable Utility Supply defaulted on the note, co-guarantor Moe reached a settlement with Carroll and Mildred

Collier, agreeing to pay $145,000 by February 20, 2009. This settlement agreement stated that it "is entered into effective this the 18th day of February 2009."

On February 20, 2013, Moe filed an original petition in the trial court, suing Charles Collier and Adams for breach of contract and contribution. Collier filed a motion for summary judgment, which the trial court denied. Following a bench trial, the trial court rendered judgment that Collier and Adams each pay Moe $74,197.33, which included attorney's fees. This appeal followed.[1]

## DISCUSSION

**Motion for Summary Judgment**

In his first issue, Collier contends that the trial court erred in denying his motion for summary judgment. However, where a motion for summary judgment is denied by the trial court and tried on its merits, the order denying the motion for summary judgment is not reviewable on appeal. *See Barnes v. University Fed. Credit Union*, No. 03-10-00147-CV, 2013 WL 1748788, at *4 (Tex. App.—Austin Apr. 18, 2013, no pet.) (mem. op.), *supplemented by*, No. 03-10-00147-CV, 2013 WL 3953175 (Tex. App.—Austin July 2, 201, no pet.) (mem. op.) (citing *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966); *Nuby v. Allied Bankers Life Ins. Co.*, 797 S.W.2d 396, 397 (Tex. App.—Austin 1990, no writ) (per curiam)). Accordingly, we overrule Collier's first issue.

[1] Adams is not a party to this appeal.

2

**Judgment for Moe**

In his second issue, Collier contends that the trial court erred in rendering judgment in Moe's favor. Specifically, Collier argues that the statute of limitations barred Moe's claims. Whether a statute of limitations bars a claim is a question of law we review de novo. *See Nugent v. Estate of Ellickson*, No. 14-16-00839-CV, 2017 WL 5894304, at *4 (Tex. App.—Houston [14th Dist.] Nov. 30, 2017, no pet. h.); *Reagan Nat'l Advert. of Austin, Inc. v. City of Austin*, 498 S.W.3d 236, 241 (Tex. App.—Austin 2016, pet. denied), *cert. denied sub nom. City of Austin, Tex. v. Reagan Nat'l Advert. of Austin, Inc.*, 138 S. Ct. 707 (2018); *Trelltex, Inc. v. Intecx, L.L.C.*, 494 S.W.3d 781, 787 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Hunt Oil Co. v. Live Oak Energy, Inc.*, 313 S.W.3d 384, 387 (Tex. App.—Dallas 2009, pet. denied)); *see also Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011) (per curiam) ("The date a cause of action accrues is normally a question of law.").

Claims for breach of contract are subject to a four-year statute of limitations period.[2] *See Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (noting that four-year statute of limitations applies to breach-of-contract claim and citing Tex. Civ. Prac. & Rem. Code § 16.051); *California Ins. Guar. Ass'n v. Hill Bros. Transp., Inc.*, 497 S.W.3d 67, 75 (Tex. App.—Austin 2016, no pet.). "Generally a cause of action accrues when facts come into existence [that] authorize a claimant to seek a judicial remedy, when a wrongful act causes some legal injury, or whenever one person may sue another." *American Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 430 (Tex. 2015) (cleaned up). "It is well-settled law that a breach of contract claim accrues when the contract is

---

[2] We note that Collier has not challenged the existence or breach of the contract on appeal.

breached." *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314 (Tex. 2006) (cleaned up); *see Fish v. Texas Legislative Serv.*, No. 03-10-00358-CV, 2012 WL 254613, at *8 (Tex. App.—Austin Jan. 27, 2012, no pet.) (mem. op.) ("A cause of action for breach of contract generally accrues when the breach occurs, and limitations begins to run upon accrual."). "A party breaches a contract if it fails to perform an act it promised to perform." *Kendziorski v. Saunders*, 191 S.W.3d 395, 403 (Tex. App.—Austin 2006, no pet.).

Here, the settlement agreement stipulated that Moe would pay $145,000 by February 20, 2009. At trial, one of Moe's attorneys testified that he delivered the settlement check from Moe to the lenders on February 20.[3] And in its findings of fact and conclusions of law, the trial court found, "The settlement was paid on February 20, 2009." We conclude that the record supports this finding, and that Moe's breach-of-contract claim accrued on that date.[4] Therefore, because Moe filed his original petition on February 20, 2013, the statute of limitations did not bar his claim.

Because we have determined that the statute of limitations did not bar Moe's breach-

---

[3] In his appellate brief, Collier notes that he objected to this testimony at trial and argues that the trial court should not have considered the testimony because "details pertaining to a delay in the delivery of the cashier's check until February 20, 2017 [sic], was not affirmatively disclosed as [a] legal theory." To the extent Collier is attempting to challenge the trial court's evidentiary ruling, we conclude that he has not adequately briefed this issue. *See* Tex. R. App. P. 38.1(i); *Amir-Sharif v. Hawkins*, 246 S.W.3d 267, 270 (Tex. App.—Dallas 2007, pet. dism'd w.o.j.) ("An issue on appeal unsupported by argument or citation to any legal authority presents nothing for this Court to review.").

[4] The statute of limitations did not begin to run on the date of the breach of the underlying note. The note was between the co-guarantors and the lenders, while the breach of which Moe complains was between the co-guarantors themselves, which did not occur until Moe, and Moe alone, paid the full settlement amount. For the same reason, the limitations period did not begin on February 18, the date on which the settlement agreement was "effective," because Moe had not yet delivered payment.

of-contract claim, we cannot conclude that the trial court erred in granting judgment for Moe.[5] Accordingly, we overrule Collier's second issue.

**Attorney's Fees**

In his third issue, Collier contends that the trial court erred in awarding attorney's fees to Moe. Collier argues that the statute of limitations barred Moe's breach-of-contract claim and that a court may not award attorney's fees based on a contribution claim. However, as noted above, we have determined that the statute of limitations did not bar Moe's breach-of-contract claim. Therefore, the trial court properly awarded attorney's fees to Moe. *See* Tex. Civ. Prac. & Rem. Code § 38.001(8) (providing that "[a] person may recover reasonable attorney's fees . . . if the claim is for . . . an oral or written contract"). Accordingly, we overrule Collier's third issue.

## CONCLUSION

Having overruled each of Collier's appellate issues, we affirm the trial court's final judgment.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed: March 8, 2018

_____

[5] Moreover, because we may affirm the trial court's judgment based on the breach-of-contract claim, we need not address Collier's arguments regarding Moe's contribution claim.