Affirmed and Opinion Filed February 28, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-00377-CV

In the Interest of L.C.L., A Minor Child

On Appeal from the 254th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DF-99-08123-R

## OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Lang

M.L., the mother of L.C.L., appeals the trial court's order in a suit to modify the parent-child relationship. The trial court found there was a history or pattern of family violence by M.L. toward L.C.L, appointed P.L., the father of L.C.L., as the sole managing conservator of the child, and ordered that M.L.'s possession and access to L.C.L. be restricted to supervised possession by a professional supervisor.

M.L. raises five issues on appeal, arguing: (1) the trial court erred when it indicated that it was basing its ruling on evidence offered at prior hearings that was not offered or admitted into evidence during the trial on the suit to modify the parent-child relationship; (2) there was no evidence to support the trial court's finding of a history or pattern of family violence; (3) there was insufficient evidence to support the trial court's finding of a history or pattern of family

violence; (4) the evidence was legally and factually insufficient to support the trial court's appointment of P.L. as the sole managing conservator of the child; and (5) the evidence was legally and factually insufficient to support the trial court's order that M.L.'s periods of possession and access be supervised by a professional supervisor.

We conclude the trial court did not err because M.L. has not shown the trial court considered the testimony and evidence presented at prior hearings. Also, we conclude the trial court did not abuse its discretion when it found a pattern and history of family violence, appointed P.L. as the sole managing conservator, and ordered that M.L.'s periods of possession and access be supervised by a professional supervisor. The trial court's order in this suit to modify the parent-child relationship is affirmed.

## I. PROCEDURAL BACKGROUND

In 1999, P.L. and M.L. divorced. Pursuant to the terms of the divorce decree, they were appointed joint managing conservators of L.C.L. In 2009, P.L. filed a motion to modify the parent-child relationship seeking to modify the divorce decree and appointment as sole managing conservator of L.C.L. Before trial, P.L. filed an emergency motion seeking, in part, to suspend M.L.'s visitation with L.C.L. After a hearing, the associate judge suspended M.L.'s visitation. M.L. filed a counterpetition to modify the parent-child relationship requesting that she be named the parent with the exclusive right to determine the primary residence of L.C.L. and that the parties return to their equal periods of possession.

After a trial on the petition and counterpetition to modify the parent-child relationship, the trial court found that a history or pattern of family violence by M.L. toward L.C.L. existed during the two-year period preceding the filing or during the pendency of the suit. Also, the trial court appointed P.L. the sole managing conservator of L.C.L., named M.L. the possessory

conservator of L.C.L., and ordered that M.L.'s possession and access to L.C.L. be restricted to supervised possession by a professional supervisor.

## II. DETERMINATION BASED ON EVIDENCE OFFERED AT TRIAL

In issue one, M.L. argues the trial court erred when it allegedly indicated before the trial that it had made a determination of what it intended to rule based on evidence presented at previous hearings and prior to the presentation of evidence at final trial. She contends that testimony and evidence from the prior hearings in the case was not offered or admitted during the trial on the suit to modify the parent-child relationship, but the trial court relied on that evidence when ruling. She concedes that the trial court took judicial notice "of the entire file," but maintains that included only the documents that appear in the clerk's record, not prior testimony and evidence. P.L. responds that M.L. failed to preserve this issue for appeal because she did not object to the trial court's alleged judicial notice of the testimony and evidence from prior hearings. Also, P.L. argues the trial court may take judicial notice of its file and make comments to manage its docket in an efficient manner. Further, he argues nothing the trial court did constituted an abuse of discretion.

The record shows that during opening argument at the trial on the suit to modify the parent-child relationship, the following exchange between M.L.'s trial counsel and the trial court occurred:

COUNSEL: Your Honor, we'll object—to trial by consent and we'll object to any evidence or arguments that go beyond the pleadings before the Court.

Your Honor, this Court has made an observation at one point that the Court already knows what it wants to do in this case and

COURT: Well, Counsel, may I remind you it's not like I haven't had close to a dozen hearings on this case already, which have probably been more than any other case I've had in the last two years.

COUNSEL: I can appreciate that.

3

COURT:    We've probably had close to a week trial time already in this case; already.

          So it's not like I don't know these folks and it's not like I haven't seen them and their behaviors over the last two and a half years.

COUNSEL:  Well, Your Honor, I would just ask the Court

COURT:    You are the newbies, sir, absolutely; but I will keep an absolute open mind and I'm eager to hear from the witnesses that you've all brought today.

COUNSEL:  Thank you, Your Honor.

Also, during the testimony, P.L. requested that the trial court take judicial notice of petitioner's motion for enforcement. The trial court responded, "The Court takes notice of the entire file." M.L. did not object. Further, at the beginning of Dr. Benjamin Albritton's testimony, when discussing the necessity to prove up his expertise, counsel for P.L. stated, "As Dr. Albritton has testified several times prior, although not in front of [M.L.'s counsel], it's my understanding that the [trial court] is going through the body of testimony. Do we need to prove-up the expertise of this witness again?" The trial court responded that "I think Dr. Albritton's reputation and expertise precedes him . . . . If not in this entire courthouse."

M.L. relies on these exchanges between counsel and the trial court to support her claim that "[a]t no time did the [trial court] deny making the statement that he already knew what he wanted to do in the case." However, the record shows that the trial court clarified its statement and made clear that it would "keep an absolute open mind" and was "eager to hear from the witnesses." Further, we note that M.L. argues in her brief and reply brief on appeal that "[i]f the trial court took judicial notice of any of the prior hearings . . . it would have had to give notice to the parties." (Emphasis added.)

4

M.L. does not point us to, nor could we find, an express statement by the trial court that it was considering the evidence and testimony from prior hearings. This court decides issues based on the record on appeal. *See generally, Stewart v. C.L. Trammell Prop., Inc.*, No. 05-04-01027-CV, 2005 WL 2234637, at *2 (Tex. App—Dallas Sept. 15, 2005, no pet.) (mem. op.)[1] (appellate court cannot consider documents or hearings cited in brief on appeal and attached as appendices, if they are not formally part of the record); *Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App—Dallas 2005, no pet.). The record does not support M.L.'s contention, on which her legal argument is premised, that the trial court considered evidence or testimony from prior hearings. Issue one is decided against M.L.

## III. SUFFICIENCY OF THE EVIDENCE

In issues two through five, M.L. argues the evidence is insufficient to support the trial court's finding of a pattern and history of family violence, appointing P.L. as the sole managing conservator, and order that M.L.'s periods of possession and access be supervised by a professional supervisor.

### *A. Standard of Review*

An appellate court reviews a trial court's order regarding child custody, control, possession, and visitation for an abuse of discretion. *In re H.N.T.*, 367 S.W.3d 901, 903 (Tex. App—Dallas 2012, no pet.); *Jacobs v. Dobrei*, 991 S.W.2d 462, 463 (Tex. App—Dallas 1999, no pet.). A trial court abuses its discretion when it acts arbitrarily and unreasonably without reference to guiding principles. *In re H.N.T.*, 367 S.W.3d at 903; *In re W.C.B*, 337 S.W.3d 510, 513 (Tex. App—Dallas 2011, no pet.). In family law cases, the abuse of discretion standard of review overlaps with traditional standards of review. *In re H.N.T.*, 367 S.W.3d at 903; *In re*

---

[1] "All opinions and memorandum opinions in civil cases issued after [January 1, 2003] have precedential value." TEX. R. APP. P. 47.2 cmt., 47.7 cmt.; *see also R.J. Suarez Enters., Inc. v. PNYX, L.P.*, 380 S.W.3d 238, 243 n.2 (Tex. App.—Dallas 2012, no pet.).

*W.C.B.*, 337 S.W.3d at 513. As a result, legal and factual insufficiency are not independent grounds of reversible error, but instead are factors relevant to an appellate court's assessment of whether the trial court abused its discretion. *In re H.N.T.*, 367 S.W.3d at 903; *In re W.C.B*, 337 S.W.3d at 513. To determine whether the trial court abused its discretion, an appellate court considers whether the trial court had sufficient evidence on which to exercise its discretion and erred in its exercise of that discretion. *In re H.N.T.*, 367 S.W.3d at 903; *In re W.C.B*, 337 S.W.3d at 513. As long as some evidence of a substantive and probative character exists to support the trial court's judgment, an appellate court will not substitute its judgment for that of the trial court. *In re H.N.T.*, 367 S.W.3d at 903.

### B. Finding of Family Violence

In issues two and three, M.L. argues there is no evidence or insufficient evidence to support the trial court's finding that a history or pattern of family violence by M.L. toward L.C.L. existed during the two-year period preceding the filing or during the pendency of the suit. She contends the events alleged do not meet the definition of family violence and there is no evidence that L.C.L. was injured. Rather, she argues these alleged events were disciplinary in nature. P.L. responds that almost every mental health professional involved corroborated L.C.L.'s reports of M.L.'s acts of physical aggression toward him and confirmed L.C.L.'s fearfulness of M.L.

### 1. Applicable Law

The Texas Family Code provides that "family violence" means "an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself." TEX. FAM. CODE ANN. § 71.004(1) (West

2008); *see also* TEX. FAM. CODE ANN. § 101.0125 (West 2008) (applying definition in section 71.004 to suits affecting parent-child relationship). A single act of violence or abuse can constitute a "history" of physical abuse for purposes of section 153.004 of the Texas Family Code. *In re J.N.*, No. 05-08-01563-CV, 2009 WL 3353629, at *2 (Tex. App—Dallas Oct. 20, 2009, no pet.) (mem. op.); *Alexander v. Rogers*, 247 S.W.3d 757, 762-63 (Tex. App—Dallas 2008, no pet.); *see also* TEX. FAM. CODE ANN. § 153.004 (West 2008) (court may not appoint joint managing conservators if evidence of history of physical abuse).

## 2. Application of the Law to the Facts

In P.L.'s first amended petition to modify the parent-child relationship,[2] he alleged a history or pattern of family violence by M.L. toward L.C.L. During the trial, in response to the question "Has [M.L.] ever hurt [L.C.L.]?" Dr. Benjamin Albritton answered "Yes." Also, in response to the question "What did she do?" Dr. Albritton stated that M.L. had "[g]rabbed [L.C.L.'s] lips and pulled them towards herself for disciplinary purpose[s] with her fingernails and also [he] believe[d] [M.L.] grabbed [L.C.L.'s] arms with her fingernails at one point as well." Further, Dr. Albritton's report, which was admitted into evidence without objection, stated that "[L.C.L.] still had fears of physical violence by [M.L.]" In addition , Dr. Albritton stated that he believed L.C.L. would be in danger if he was alone with M.L. Dr. Jay Crowder testified he reviewed a report from Dr. Van Hoose, which stated that M.L. admitted to "slapping [L.C.L.] once long ago." Also, in response to the question "[i]s there any indication that [M.L.]'s been physical with [L.C.L.]?" Dr. Crowder stated that she "pulled [L.C.L.] by the lips, scratched [him] on the back, [and] directed [him] by the chin aggressively." A single act of violence or abuse can constitute a "history" of physical abuse. *See In re J.N.*, No. 05-08-01563-

---

[2] The trial court struck P.L.'s second amended petition.

7

CV, 2009 WL 3353629, at *2; *Alexander*, 247 S.W.3d at 762–63. Accordingly, we conclude the trial court did not abuse its discretion when it found a pattern or history of family violence by M.L. toward [L.C.L.] because some evidence of a substantive and probative character exists to support the trial court's judgment.

Issues two and three are decided against M.L.

### C. Sole Managing Conservator

In issue four, M.L. argues the evidence was legally and factually insufficient to support the trial court's appointment of P.L. as the sole managing conservator of the child. She claims there was no evidence that a material and substantial change in circumstances had occurred which is necessary to modify the prior order for conservatorship and there is a statutory presumption that the parents shall be appointed joint managing conservators of the child. P.L. responds that M.L. judicially admitted the existence of a material and substantial change in circumstances and there was ample evidence to support the trial court's appointment of P.L. as the sole managing conservator.

### 1. Applicable Law

Under section 156.101 of the Texas Family Code, a trial court may modify conservatorship of a child if the modification is in the child's best interest, and the circumstances of the child, a conservator, or other party affected by the existing conservatorship order have materially and substantially changed since the rendition of the existing order. TEX. FAM. CODE ANN. § 156.101(1)(A) (West Supp. 2012); *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App—Dallas 2009, no pet.). To demonstrate that a material and substantial change of circumstances has occurred, the evidence must show what conditions existed at the time of the entry of the prior order as compared to the circumstances existing at the time of the hearing on the motion to modify. *See In re W.C.B.*, 337 S.W.3d at 514; *In re A.B.P.*, 291 S.W.3d at 95; *In re C.C.J.*, 244

8

S.W.3d 911, 919 (Tex. App—Dallas 2008, no pet.). One party's allegation of changed circumstances of the parties constitutes a judicial admission of the common element of changed circumstances of the parties in the other party's similar pleading. *See Delaney v. Scheer*, No. 03-02-00273-CV, 2003 WL 247110, at *5 (Tex. App.—Austin Feb. 3, 2003, no pet.) (mem. op.). Admissions in trial pleadings are regarded as judicial admissions in the case that pleading was filed, require no proof of the admitted fact, and authorize the introduction of no evidence to the contrary. *Thompson v. Thompson*, 827 S.W.2d 563, 566 (Tex. App.—Corpus Christi 1992, writ denied).

Section 153.131(b) of the Texas Family Code provides that the appointment of a parent as a joint managing conservator is presumed to be in the best interest of a child unless the trial court finds that there is a history of family violence. TEX. FAM. CODE ANN. § 153.131(b) (West 2008). Further, the trial court is actually prohibited from naming a party as a joint managing conservator if "credible evidence is presented of a history or pattern of past or present child neglect, or physical or sexual abuse by one parent directed against . . . a child." TEX. FAM. CODE ANN. § 153.004(b) (West 2008).

## 2. Application of the Law to the Facts

First, we address M.L.'s claim there was no evidence that a material and substantial change in circumstances had occurred. In P.L.'s first amended petition to modify the parent-child relationship, he generally alleged

> The circumstances of the child, a conservator, or other party affected by the order
> to be modified have materially and substantially changed since the date of
> rendition of the order to be modified. [P.L.] strongly desires a stable, health[y]
> parent-child relationship that ensures the child's emotional and physical safety.

Similarly, in M.L.'s counterpetition to modify the parent-child relationship, she generally alleged that the "circumstances of the child, a conservator, or other party affected by the order to be

modified have materially and substantially changed since the date of rendition of the order to be modified." However, P.L. and M.L. sought different relief in their petitions to modify the parent-child relationship. Nevertheless, P.L.'s and M.L.'s modification claims contained a common essential element, i.e., each required proof of the changed circumstances of the child, a conservator, or other party affected by the order to be modified. M.L.'s allegation of changed circumstances constitutes a judicial admission of that same essential element in P.L.'s claim for modification of the parent-child relationship even though M.L. did not request the same relief. *See Delaney*, 2003 WL 247110, at *5.

Second, we address M.L.'s claim that there is a statutory presumption that the parents shall be appointed joint managing conservators of the child. The record shows the trial court found that there was a history of family violence and we have affirmed that finding. As a result, the trial court was prohibited from naming M.L. as a joint managing conservator. *See* TEX. FAM. CODE ANN. § 153.004(b).

We conclude the trial court did not abuse its discretion when it appointed P.L. as the sole managing conservator of the child. Issue four is decided against M.L.

### D. Supervised Possession and Access to the Child

In issue five, M.L. argues the evidence was legally and factually insufficient to support the trial court's order that M.L.'s periods of possession and access be supervised by a professional supervisor. She claims the trial court did not order the least restrictive means of possession and access possible to a parent, and its restrictions exceed those required to protect the best interests of the child. Further, she argues the letter by Dr. Albritton, which was sent to the trial court, is vague as to the actual events referenced. P.L. responds that the court-appointed experts recommended restricting M.L.'s access to L.C.L. supplies sufficient evidence to support the trial court's order.

10

## 1. Applicable Law

The trial court is required to "consider the commission of family violence in determining whether to deny, restrict, or limit the possession of a child by a parent who is appointed as a possessory conservator." TEX. FAM. CODE ANN. § 153.004(c). A trial court "may not allow" a parent to have access to a child when it is shown that there is a history of family violence, unless the trial court (1) finds that awarding the parent access to the child would not endanger the child's physical health or emotional welfare and would be in the best interest of the child and (2) renders a possession order that is designed to protect the safety and well-being of the child and any other person who has been a victim of family violence committed by the parent. TEX. FAM. CODE ANN. § 153.004(d). That order may require that the periods of access be continuously supervised by an entity or person chosen by the court. TEX. FAM. CODE ANN. § 153.004(d)(2)(A). It is a "rebuttable presumption that it is not in the best interest of a child for a parent to have unsupervised visitation with the child if credible evidence is presented of a history or pattern of [physical abuse] by that parent directed against the other parent." TEX. FAM. CODE ANN. § 153.004(e).

## 2. Application of the Law to the Facts

The trial court ordered that all periods of M.L.'s possession of L.C.L., except holidays and the child's birthday, shall be supervised at Hannah's House Supervised Visitation and Exchange Center or Faith and Liberty's Place Family Center. However, during Christmas, Thanksgiving, New Year's Day, L.C.L.'s birthday, and Mother's Day, the trial court ordered the supervised possession of L.C.L. could be with Hannah's House, Faith and Liberty's Place, or M.L.'s mother.

The trial court found a history or pattern of family violence by M.L. toward L.C.L. Supervised visitation at a visitation center is one of the trial court's options granted by the

11

legislature under those circumstances. *See* TEX. FAM. CODE ANN. § 153.004(d)(2)(A). Also, Dr. Albritton testified that he believed M.L.'s access to L.C.L. should be supervised and was "paramount [] for [L.C.L.'s] safety and well-being." Further, he stated that visitation supervised by M.L.'s mother was not going well as M.L. had conflicts with her mother. Accordingly, we conclude the trial court did not abuse its discretion when it ordered that M.L.'s periods of possession and access be supervised by a professional supervisor.

Issue five is decided against M.L.

## IV. CONCLUSION

The trial court did not err because it based its ruling on the evidence presented at the trial of the suit to modify the parent-child relationship. Also, the trial court did not abuse its discretion when it found a pattern and history of family violence, appointed P.L. as the sole managing conservator, and ordered that M.L.'s periods of possession and access be supervised by a professional supervisor.

The trial court's order in a suit to modify the parent-child relationship is affirmed.

110377F.P05

DOUGLAS S. LANG
JUSTICE

12



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF L.C.L., A MINOR CHILD

No. 05-11-00377-CV     V.

On Appeal from the 254th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-99-08123-R.
Opinion delivered by Justice Lang.   Justices Moseley and Francis participating.

In accordance with this Court's opinion of this date, the trial court's order in a suit to modify the parent-child relationship is **AFFIRMED**.

It is **ORDERED** that Paul Lewis recover his costs of this appeal from Mari Sue Lewis.

Judgment entered this 28th day of February, 2013.

_____
DOUGLAS S. LANG
JUSTICE