

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00481-CV

**IN THE INTEREST OF A.C.** and Q.C., Children

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-18383
Honorable Tina Torres, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Beth Watkins, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: January 24, 2024

AFFIRMED

Appellant, Sandra Sherard, and appellee, Delbert Current, are the parents of two young children. Current filed for divorce on September 24, 2018, and the parties entered into a Mediated Settlement Agreement (the "MSA") on November 25, 2019. The trial court signed an Agreed Final Decree of Divorce (the "divorce decree") on January 30, 2020. On November 30, 2020, Current filed a petition to modify the parent-child relationship. Sherard filed an answer and a counter-petition to modify the parent-child relationship. Following a bench trial, the court signed an Order in Suit to Modify Parent-Child Relationship (the "modification order") and entered findings of fact and conclusions of law. Sherard appealed, raising two issues: (1) the trial court erred by not dismissing Current's petition because he failed to comply with Family Code section 156.102's affidavit requirement and (2) the trial court abused its discretion by concluding there

was a material and substantial change in circumstances warranting modification of the decree. We affirm.

## BACKGROUND

At the time of the divorce, Sherard, Current, and their children lived in Bexar County, and the children attended Kallison Elementary School. The divorce decree contained the following provisions regarding residency of the children:

> . . . IT IS ORDERED that [Sherard] shall have the exclusive right to designate the primary residence of the children within Bexar County, Texas and contiguous counties and the parties shall not remove the children from Bexar County, Texas and contiguous counties for the purpose of changing the primary residence of the children until modified by further order of the court of continuing jurisdiction or by written agreement signed by the parties and filed with the court.
> IT IS FURTHER ORDERED that this geographic restriction on the residence of the children shall be expanded to include the State of Texas if, at the time [Sherard] wishes to remove the children from Bexar County, Texas and contiguous counties, for the purpose of changing the primary residence of the children, [Current] does not reside in Bexar County, Texas and contiguous counties.
> IT IS FURTHER ORDERED that, this geographic restriction on the residence of the children shall be expanded to include the Continental United States if, at the time [Sherard] wishes to remove the children from the State of Texas for the purpose of changing the primary residence of the children, [Current] does not reside in the State of Texas.
> IT IS FURTHER ORDERED that this geographic restriction on the residence of the child shall be expanded to include anywhere in the world if, at the time [Sherard] wishes to remove the children from the continental United States for the purpose of changing the primary residence of the children, [Current] does not reside in the continental United States.

In October 2020, Sherard moved to Comal County, which necessitated a change in schools. About one month later, Current filed his petition in which he asked, among other things, that he be appointed the person with the right to designate the children's primary residence. He alleged that "circumstances of the children, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of the signing of the mediated settlement agreement on which the order to be modified is based." He also alleged that prior to filing the suit, Sherard "engaged in a history or pattern of child neglect." On January 13, 2021,

Sherard filed a counter-petition in which she alleged that the "circumstances of the child or a person affected by the order have materially and substantially changed since the date of the rendition of the order to be modified[.]" She also alleged Current "consistently engaged in parental alienation that is harming the children's emotional wellbeing."

Following a hearing on the petition and counter-petition, the trial court signed the modification order, which stated, in relevant part, as follows:

> . . . IT IS ORDERED that the primary residence of the children shall be within the boundaries of Kallison Elementary School, Straus Middle School and Sonia Sotomayor High School in the Northside Independent School District in Bexar County, Texas, and the parties shall not remove the children from within the boundaries of Kallison Elementary School, Straus Middle School and Sonia Sotomayor High School in the Northside Independent School District in Bexar County, Texas, for the purpose of changing the primary residence of the children until this geographic restriction is modified by further order of the court of continuing jurisdiction or by a written agreement that is signed by the parties and filed with that court.
> Notwithstanding any provision in this order to the contrary, IT IS ORDERED that the children shall attend Kallison Elementary School, Straus Middle School and Sonia Sotomayor High School in the Northside Independent School District in Bexar County, Texas, utilizing [Current's] residence address, however neither parent is appointed primary managing conservator. IT IS ORDERED that either [Current] or [Sherard] shall have the right to enroll the children in school in Kallison Elementary, Straus Middle School, and Sonia Sotomayor High School. Both parents shall communicate with one another on Our Family Wizard regarding enrollment of the children in school.

The order contained two additional provisions governing possession (1) if Sherard resided within a twenty-mile radius of Kallison Elementary School on August 12, 2022, and (2) if Sherard did not reside within a twenty-mile radius of Kallison Elementary School on August 12, 2022.

## FAMILY CODE SECTION 156.102 AFFIDAVIT REQUIREMENT

In her first issue, Sherard asserts the trial court erred by failing to automatically dismiss Current's petition because he failed to comply with Family Code section 156.102's affidavit requirement. According to Sherard, the court was required to "deny all relief and refuse to schedule a hearing for modification," TEX. FAM. CODE § 156.102(c), because Current did not file

an affidavit "not later than one year after the earlier of the date of the rendition of the order . . . ." *Id.* § 156.102(a). Sherard contends that because the divorce decree was signed on January 30, 2020, and Current filed his petition within one year of the divorce decree, section 156.102(a) required him to file an affidavit. Because he did not do so, Sherard argues the trial court should have refused to conduct a hearing on his petition. We disagree because Sherard's argument ignores the full text of section 156.102(a), which states in its entirety as follows:

> If a suit seeking to modify the designation of the person having the exclusive right to designate the primary residence of a child is filed not later than one year after the earlier of the date of the rendition of the order *or the date of the signing of a mediated or collaborative law settlement agreement on which the order is based*, the person filing the suit shall execute and attach an affidavit as provided by Subsection (b).

*Id.* § 156.102(a) (emphasis added).

The MSA was signed on November 25, 2019. More than one year later, on November 30, 2020, Current filed his petition. Because he filed his petition more than one year after "the date of the signing of a mediated or collaborative law settlement agreement on which the [divorce decree was] based," Current was not required to file an affidavit.[1]

## MATERIAL AND SUBSTANTIAL CHANGE IN CIRCUMSTANCES

On appeal, Sherard raises four challenges to the modification order: (1) Current's petition did not properly plead any changes that match the evidence presented at the hearing or the court's findings of fact; (2) even if properly pled, Sherard's remarriage was not a changed circumstance; (3) Sherard's relocation to Comal County was expressly authorized by the divorce decree; and (4) Current failed to produce any evidence showing a changed circumstance based on the children's extracurricular activities.

---

[1] Sherard also argues that "besides [Current's] failure to attach an affidavit, the trial court did not have sufficient evidence upon which to exercise its discretion to modify the parent-child relationship within one year of the divorce decree." Because we conclude the trial court did not err, we need not consider this argument.

## A. Governing Law & Standard of Review

A trial court "may modify an order that provides for the appointment of a conservator of a child, that provides the terms and conditions of conservatorship, or that provides for the possession of or access to a child if modification would be in the best interest of the child and:"

> (1) the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the earlier of:
> (A) the date of the rendition of the order; or
> (B) the date of the signing of a mediated or collaborative law settlement agreement on which the order is based . . . .

*Id.* § 156.101(a)(1).

"We review a trial court's ruling on a motion to modify for abuse of discretion." *In re H.V.S.*, No. 04-20-00217-CV, 2020 WL 5646472, at *3 (Tex. App.—San Antonio Sept. 23, 2020, no pet.) (mem. op.). "A trial court abuses its discretion if its decision is arbitrary, unreasonable, or without reference to guiding rules or principles." *Id.* "Under the abuse of discretion standard, a challenge to the legal and factual sufficiency of the evidence is not an independent ground of error, but is instead a factor to be considered in determining whether the trial court abused its discretion." *Id.*

## B. Fair Notice

Sherard alleges Current's petition was insufficient because he pled only that she had "engaged in a history or pattern of child neglect," and he did not plead her remarriage, the children's relocation to Comal County, or the children's alleged diminished involvement in extracurricular activities formed the basis of his complaint.

"Texas is a 'fair notice' state, which means that all parties are entitled to fair notice of a claim." *In re M.G.N.*, 491 S.W.3d 386, 406 (Tex. App.—San Antonio 2016, pet. denied) (quoting *In re Russell*, 321 S.W.3d 846, 855 (Tex. App.—Fort Worth 2010, orig. proceeding)). The Texas Family Code requires that pleadings include, among other things, "a statement describing what

action the court is requested to take concerning the child and the statutory grounds on which the request is made . . . ." TEX. FAM. CODE § 102.008(b)(10). "Without proper pleadings and evidence, a trial court exceeds its authority if it modifies or reforms previous orders affecting the custody of a child." *In re M.B.B-Y.*, No. 04-10-00541-CV, 2011 WL 1303437, at *2 (Tex. App.—San Antonio Apr. 6, 2011, no pet.) (mem. op.).

Current's petition stated the action he wished the trial court to take—that he be appointed the person with the right to designate the children's primary residence and certain terms and conditions of access or possession be modified—and the supporting statutory grounds—a material and substantial change in circumstances and modification was in the children's best interest. We conclude Current's petition satisfied the requirements of section 102.008(b)(10) and provided fair notice to Sherard.

## C.     Change in Circumstances

We first note Sherard does not challenge the best-interest finding. Instead, she asserts that her remarriage and the family's relocation to Comal County were anticipated changes,[2] and Current failed to produce any evidence showing a changed circumstance based on the children's involvement in extracurricular activities. Before we address Sherard's arguments regarding the sufficiency of the evidence in support of changed circumstances, we first address Current's contention that Sherard judicially admitted the existence of a material and substantial change in circumstances.

"The change-in-circumstances requirement is a threshold issue for the trial court and is based on a policy of preventing constant re-litigation with respect to children." *Smith v. Karanja*, 546 S.W.3d 734, 738 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *see also In re A.L.E.*, 279

---

[2] Sherard became engaged to her current husband in January 2020, before the divorce decree was signed on January 30, 2020. She testified Current knew about the engagement at the time of the divorce.

S.W.3d 424, 428 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("As a threshold determination, then, the moving party must show a material and substantial change in circumstances; otherwise, the petition must be denied."). The party seeking modification of conservatorship for a child bears the burden to establish by a preponderance of the evidence that the circumstances of the child, a conservator, or other party affected by an order have materially and substantially changed since the earlier of the rendition of the order or the date of the signing of any settlement agreement on which the order is based. *In re A.N.G.*, 631 S.W.3d 471, 479 (Tex. App.—El Paso 2021, no pet.). To demonstrate that a material and substantial change of circumstances has occurred, the evidence must show what conditions existed at the time of the entry of the prior order as compared to the circumstances existing at the time of the hearing on the motion to modify. *In re L.C.L.*, 396 S.W.3d 712, 718 (Tex. App.—Dallas 2013, no pet.).

"When both parties allege in counter-petitions that there has been a material and substantial change in circumstances since the last order and both seek a modification of that order, the allegations constitute a judicial admission that there has been a material and substantial change in circumstances since the last order." *In re A.E.M.*, No. 09-18-00288-CV, 2020 WL 826715, at *10 (Tex. App.—Beaumont Feb. 20, 2020, no pet.) (mem. op.); *see also In re A.E.A.*, 406 S.W.3d 404, 410 (Tex. App.—Fort Worth 2013, no pet.) ("One party's allegation of changed circumstances of the parties constitutes a judicial admission of the common element of changed circumstances of the parties in the other party's similar pleading."); *Delaney v. Scheer*, No. 03-02-00273-CV, 2003 WL 247110, at *5 (Tex. App.—Austin Feb. 3, 2003, no pet.) (mem. op.) ("Delaney's and Scheer's modification claims contained common, essential elements. Each required proof of the changed circumstances of one or more of the parties or the unworkability or inappropriateness of the prior order. The law is clear that one party's allegation of these essential elements in a pleading for sole managing conservatorship constitutes a judicial admission of those same essential elements of a

claim for modification of a joint managing conservatorship.").  Thus, a judicial admission is conclusive upon the party making it, relieves the opposing party of the burden of proving the admitted fact, and precludes the admitting party from disputing the admitted fact.  *See A.E.M.*, 2020 WL 826715, at \*10; *A.E.A.*, 406 S.W.3d at 410; *L.C.L.*, 396 S.W.3d at 718; *Thompson v. Thompson*, 827 S.W.2d 563, 566 (Tex. App.—Corpus Christi 1992, writ denied).

In Current's petition, he alleged as follows:

> The order to be modified is based on a mediated settlement agreement.  *The circumstances of the children, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of the signing of the mediated settlement agreement on which the order to be modified is based.*  [Emphasis added.]
> [Current] requests that he be appointed as the person who has the right to designate the primary residence of the children.
> Preceding the filing of this suit, [Sherard] has engaged in a history or pattern of child neglect.
> [Current] requests that the Court consider this conduct in appointing the Petitioner as sole managing conservator or the parties as joint managing conservators.
> [Current] requests that the terms and conditions for access to or possession of the children be modified to provide as follows: that [Sherard] be awarded a regular Standard Possession Order or in the alternative, that the Court ordered [sic] a 50/50 possession schedule.
> [Sherard's] change of residence has caused [Current] to incur increased costs. [Current] requests that the increased costs incurred by [Current] to exercise [Current's] periods of possession of the children be allocated in a manner deemed by the Court to be fair and equitable, taking into account the cause of the increased costs and the best interest of the children. [Current] requests that any increase be made retroactive to the earlier time of service of citation on [Sherard] or the appearance of [Sherard] in this modification action.
> The requested modification is in the best interest of the children.

In Sherard's counter-petition, she alleged as follows:

> *The circumstances of the child or a person affected by the order have materially and substantially changed since the date of the rendition of the order to be modified*, and the support payments previously ordered should be increased until the children are eighteen years of age [or if the children meet certain school enrollment criteria] . . . until the end of the month in which the child graduates from high school. [Sherard] requests that any increase be made retroactive to the earlier of the time of service of citation on [Sherard] or the appearance of [Sherard] in this modification action. [Emphasis added.]

Additionally, [Current] has consistently engaged in parental alienation that is harming the children's emotional wellbeing. [Sherard] alleges that it will be a positive improvement for and in the children's best interest that the Order be changed as follows:

a. Order [Current] and [Sherard] to utilize Our Family Wizard for all communications regarding the children;

b. Ordering a parenting facilitator to assist the parties in resolving parenting issues; and

c. Issuing all other final orders regarding conservatorship, possession and access, and support for the children that are pleaded for or that are deemed necessary and equitable and for the safety and welfare of the children.

The requested modification is in the best interest of the children.

Sherard's allegation of changed circumstances that supported her request were not the same changed circumstances alleged by Current. However, "[t]he circumstances of the parties either materially and substantially changed or they did not." *Delaney*, 2003 WL 247110, at \*5. Here, although both parties sought different relief in their petitions, their modification claims "contained a common essential element, i.e., each required proof of the changed circumstances of the child, a conservator, or other party affected by the order to be modified." *L.C.L.*, 396 S.W.3d at 718. Therefore, Sherard's allegation of changed circumstances constitutes a judicial admission of that same essential element in Current's claim for modification of the parent-child relationship.[3] *See id.* at 718-19 ("M.L.'s allegation of changed circumstances constitutes a judicial admission of that same essential element in P.L.'s claim for modification of the parent-child relationship even though M.L. did not request the same relief."); *A.E.A.*, 406 S.W.3d at 410 (although separately both parties' modification claims required proof of changed circumstances of the child, a conservator, or other party affected by the order to be modified, "David's allegation of changed circumstances constituted a judicial admission of that fact and established that element of Ginger's

---

[3] Recently enacted Texas Family Code section 156.007 states that filing a motion to modify "based on a material and substantial change of circumstances may not be considered on that basis alone to have admitted a material and substantial change of circumstances regarding any other matter." TEX. FAM. CODE § 156.007. However, that section "only applies to motions to modify filed on or after September 1, 2021, which is not the case here." *In re E.S.S.*, 658 S.W.3d 613, 617-18 (Tex. App.—El Paso 2022, no pet.).

claim for modification, so Ginger was not required to put on proof of this admitted fact."). "[B]ecause [Sherard] judicially admitted this element of [Current's] claim in [her counter-petition] to modify, [Sherard] is barred on appeal from challenging the sufficiency of the evidence to support the fact [s]he judicially admitted—a material and substantial change in circumstances." *A.E.A.*, 406 S.W.3d at 410; *see also Thompson*, 827 S.W.2d at 566 (same). Therefore, the trial court could have reasonably concluded there had been a material and substantial change in circumstances since the last order based on the judicial admission.[4] *See A.E.M.*, 2020 WL 826715, at *10 (concluding same).

## CONCLUSION

We conclude the trial court did not abuse its discretion in granting Current's petition to modify. Accordingly, we affirm the Order in Suit to Modify Parent-Child Relationship.

Lori I. Valenzuela, Justice

---

[4] Because we have determined the parties judicially admitted there had been a material and substantial change in circumstances since the entry of the prior order, we need not address Sherard's other arguments. *See* TEX. R. APP. P. 47.1.